F. Christopher Austin, Esq.
Nevada Bar No. 6559
caustin@weidemiller.com
Ryan Gile, Esq.
Nevada Bar No. 8807
rgile@weidemiller.com
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
(702) 382-4804
Fax (702) 382-4805

Callie A. Bjurstrom
callie.bjurstrom@pillsburylaw.com
Steven A. Moore
steve.moore@pillsburylaw.com
Nicole S. Cunningham
nicole.cunningham@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
501 West Broadway, Suite 1100
San Diego, CA  92101
(619) 234-5000
Fax (619) 236-1995

Admitted Pro Hac Vice (Applications pending)

*Attorneys for Plaintiff Global Cash Access, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GLOBAL CASH ACCESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NRT TECHNOLOGY CORP., a Canadian corporation, and NRT TECHNOLOGIES, INC., a Nevada corporation,<br><br>Defendants. | Case No.:  2:15-cv-00822<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Global Cash Access, Inc. ("Plaintiff" or "GCA"), by and through its counsel, files this Original Complaint against Defendants NRT Technology Corp. and NRT Technologies, Inc. (collectively, "NRT" or "Defendants") as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement and unfair competition under federal statutes, with pendent claims for state unfair competition, deceptive trade practices and intentional interference with prospective economic advantage.

## JURISDICTION AND VENUE

2. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271, and this Court has original and exclusive subject matter jurisdiction over this case for patent infringement. This Court has jurisdiction over the subject matter of this action under one or more of the following statutes: 28 U.S.C. §§ 1331 and 1338 (federal question); 15 U.S.C. § 1121 (original jurisdiction of district courts for all actions arising under the Lanham Act); and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. The Court has personal jurisdiction over each Defendant. On information and belief, each Defendant has conducted and does conduct business within the State of Nevada. On information and belief, each Defendant, directly and/or through intermediaries (including distributors, retailers, and others), offers for sale, sells, advertises, and/or uses its products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Nevada, and the District of Nevada. On information and belief, each Defendant, directly and/or through intermediaries, has committed patent infringement within the State of Nevada. On information and belief, each Defendant has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Nevada. On information and belief, Defendants advertise and transact business throughout the United States, including in the State of Nevada, and specifically, in this judicial district. Defendants have purposely availed themselves of doing

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)　　　2

business in this district by, among other things, advertising and selling their products and services in this district. Defendants have also engaged in continuous acts of unfair competition, false advertising and related tortious actions within the State of Nevada, including within this district and have caused injury to GCA, a Nevada company, in this district as a result of such conduct. On information and belief, each Defendant is subject to specific and general jurisdiction in this Court.

4. Venue is proper in the District of Nevada under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, venue is proper here because each Defendant is deemed to reside in this judicial district, has committed acts of infringement, unfair competition and tortious conduct in this judicial district, has purposely transacted business in this judicial district, has a regular and established place of business in this judicial district, and/or because the damages suffered by GCA were suffered, at least in part, within this district.

## **PARTIES**

5. Plaintiff Global Cash Access, Inc. is a publicly-traded corporation organized under the laws of Delaware with its principal place of business at 7250 S. Tenaya Way, Suite 100, Las Vegas, Nevada 89113.

6. On information and belief, Defendant NRT Technology Corp. is incorporated and organized under the laws of Canada, having its principal place of business at 10 Compass Court, Scarborough, Ontario, Canada M1S 5R3. NRT Technology Corp.'s foreign corporation registration lists Nevada Business Center, LLC, 311 West Third Street, Carson City, Nevada 89703 as its registered agent for service of process. This Defendant does business in this judicial district, in Nevada and elsewhere throughout the United States.

7. On information and belief, Defendant NRT Technologies, Inc. is a corporation organized under the laws of Nevada, having its principal place of business at 744 Pilot Rd., Las Vegas, Nevada 89119. This Defendant may be served with process through its agent, Nevada Business Center, LLC, 311 West Third Street, Carson City, Nevada 89703. This Defendant does business in this judicial district, in Nevada and elsewhere throughout the United States.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)    3

**FACTUAL BACKGROUND**

8. GCA is a leading provider of gaming products and cash access services to entertainment and gaming establishments in Nevada and worldwide. The cash access services that GCA provides include automated teller machines ("ATMs") and point-of-sale ("POS") devices that include GCA's pioneering 3-in-1 Rollover technology, which has significantly changed the industry by providing an account holder and patron of a gaming and entertainment establishment multiple options for withdrawing cash or paying for goods and services when the daily ATM withdrawal limit has been reached.

9. GCA owns by assignment all right, title and interest in U.S. Patent No. 6,081,792 ("the '792 Patent"), entitled "ATM and POS Terminal and Method of Use Thereof." A true and correct copy of the '792 Patent is attached hereto as Exhibit A.

10. The '792 Patent generally relates to an ATM and POS device and method for withdrawing money from a financial institution or paying for goods and services on the POS device network when the daily withdrawal limit set by the financial institution has been met. If the daily ATM withdrawal limit has been exceeded at the financial institution, then the account holder may be prompted to access an account through a point of sale network through a second transaction. Thus, the patented technology makes it possible for an account holder who has exceeded his or her daily ATM withdrawal limit to access their account using an ATM or POS device in order to withdraw money and pay for goods and services. For example, when an account holder requests money or an item of value from his or her account and the first request is declined because the account holder has exceeded his or her daily pre-set withdrawal limit, the ATM or POS device will ask the account holder if he or she would like to request the money or item of value through a second type of transaction.

11. GCA has been using technology covered by the '792 Patent extensively and continuously in interstate commerce, including in its products featuring the 3-in-1 Rollover technology. The '792 Patent has become a valuable asset of GCA and has contributed to GCA's goodwill and positive industry reputation. Specifically, GCA's current and potential customers,

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)   4

as well as the entire market, have come to recognize and identify GCA as a leading innovator in the industry based on the '792 Patent and GCA's patented 3-in-1 Rollover technology.

12. As set forth more fully below, GCA is informed and believes and thereon alleges that Defendants have and continue to directly and/or indirectly infringe one or more claims of the '792 Patent by, among other things, making, using, offering for sale, selling and/or importing ATMs and POS devices and associated software thereof that implement GCA's patented technology. Defendants' infringing devices include at least the QuickJack Classic, QuickJack2, QuickJack88, and QuickJack v4 products. Upon information and belief, Defendant NRT Technology Corp. imports into the United States and sells such devices to the gaming and entertainment industry, and Defendant NRT Technologies, Inc. is responsible for providing customer service and support for such products located in the United States.

13. On information and belief, Defendants have engaged and continue to engage in false, misleading and deceptive actions directed at purchasers of cash access services and products. In an effort to increase their sales and market share, instead of competing fairly and honestly in the marketplace, GCA is informed and believes and thereon alleges that in or around November 2014, Defendants began engaging in a campaign disseminating false information targeting and impugning the nature and characteristics of GCA's patented 3-in-1 Rollover technology, GCA's products and services that embody that technology, and GCA's rights to the inventions claimed in the '792 Patent, which are implemented in GCA's 3-in-1 Rollover products and services and also infringed by Defendants' competing products and services.

14. Specifically, on information and belief, in response to the legitimate concerns of GCA's current and potential customers regarding possible infringement of the '792 Patent by Defendants' competing products, NRT has made false representations to such customers that the '792 Patent is invalid. In addition, on information and belief, NRT has made false representations to GCA's current and potential customers that the '792 Patent will expire in 2015 and/or 2016. On information and belief, NRT has further made false representations to GCA's current and potential customers that the '792 Patent will be rendered obsolete, and

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)   5

therefore not subject to infringement by Defendants, following the anticipated implementation of EMV ("Europay, MasterCard, and Visa") chip technology in the United States in October 2015. On information and belief, NRT has also made false representations to GCA's current and potential customers that NRT's products and services do not infringe the '792 Patent because they require a second swipe of a customer's card.

15. For example, on information and belief, on or before January 26, 2015, NRT personnel falsely represented to Thunder Valley Casino, a GCA customer, that the '792 Patent expires in 2015, that EMV chip technology invalidates GCA's '792 Patent and/or renders it obsolete, and that Thunder Valley Casino therefore should not worry about infringement of the '792 Patent by NRT's products and services. On information and belief, NRT made these misrepresentations in an effort to induce Thunder Valley Casino to purchase NRT's products and services instead of GCA's products and services.

16. The representations of NRT described above are false, deceptive, misleading and defamatory. U.S. Patent Application No. 09/007,740, which led to the '792 patent, was filed on January 15, 1998. The '792 Patent issued on June 27, 2000. The '792 Patent's term will expire on January 15, 2018. The '792 Patent is presumed - and is - valid and enforceable. Additionally, the method claimed in and covered by the '792 Patent can be performed using EMV chip technology, and the mere use of EMV chip technology does not render the '792 Patent obsolete or not infringed by NRT's products and services. Similarly, NRT's products and services infringe the claims of the '792 Patent regardless of any requirement that a second swipe of a customer's card be performed when using them.

17. In undertaking the deceptive actions and making the false advertising statements outlined above, Defendants misrepresented the nature and characteristics of their own and of GCA's cash access services and products, and of GCA's patent rights, in an effort to divert sales away from GCA. Defendants' false representations outlined above are causing irreparable harm to GCA by confusing and misleading customers and diverting sales away from GCA. On information and belief, Defendants' false representations to GCA's current and potential

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)   6

1  customers, as summarized above, are material and have the effect of deterring customers from
2  purchasing GCA's ATMs and POS devices and services.  NRT's false representations are
3  material to customers' purchasing decisions.  NRT's false statements have deceived and are
4  likely to continue to deceive GCA's customers and potential customers into believing that
5  Defendants' products are equivalent to GCA's patented products but come at a lower cost.

6  18.    Defendants' false statements and false advertising, including their
7  misrepresentations regarding GCA's patent rights, are intended to substantially harm GCA's
8  business, and have caused and continue to cause GCA considerable damage including lost sales,
9  damage to its reputation and goodwill.  GCA's business has been and will continue to be
10 substantially injured as a result of Defendants' false statements and false advertising.  GCA and
11 NRT sell directly competing products, which practice the claimed technology.  Defendants'
12 products are unauthorized and sold without paying a patent license royalty to GCA.  Thus,
13 Defendants' product is sold at an unfair price because it does not take into consideration the
14 value GCA paid to acquire the '792 Patent and practice the claimed invention with authority.

15 19.    Additionally, Defendants' false claims that GCA's '792 Patent is invalid and
16 unenforceable gives GCA's customers and potential customers a mistaken belief that the NRT
17 product does not infringe.  Defendants' false statements also give GCA's customers and
18 potential customers a mistaken belief that patent damages for infringement of the '792 Patent
19 would be limited because of the patent term remaining.  Defendants' false statements have
20 injured and will continue to injure GCA's business and have and will continue to substantially
21 affect GCA's sales.  On information and belief, Defendants' false statements are intentional,
22 willful, and malicious.

23 20.    Defendants' conduct including, but not limited to, their acts of infringement,
24 unfair competition, intentional interference with prospective economic advantage, deceptive
25 trade practices and false advertising have damaged GCA in an amount to be determined at trial,
26 and will continue to damage GCA unless restrained and enjoined by this Court.

27     / / /

28

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)           7

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent 6,081,792)

21. GCA refers to and incorporates the allegations of Paragraphs 1-20 above.

22. GCA is the assignee of the '792 Patent, entitled "ATM and POS Terminal and Method of Use Thereof," with ownership of all rights in the '792 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. The '792 Patent is directed to a method of using a terminal, such as an automated teller machine or point of sale device, to provide money, goods, services, or the like to an account-holder.

23. The '792 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. NRT has infringed and continues to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '792 Patent in this judicial district, in Nevada, and elsewhere in the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing automated teller machines (" ATMs") and point-of-sale ("POS") devices and associated software thereof, including at least, for example, the QuickJack Classic, QuickJack2, QuickJack88, and QuickJack v4 terminals (collectively, "the accused devices").

25. NRT directly infringes one or more claims of the '792 Patent, either literally or through equivalents, by making, using, offering to sell, selling, and/or importing the accused devices to practice the claimed methods. NRT is thereby liable for direct infringement.

26. Additionally, NRT is liable for indirect infringement of the '792 Patent, either literally or through equivalents, because they induce the direct infringement of the patent by others, including NRT customers who purchase the accused devices and other end users who use the accused devices to practice the claimed methods. NRT customers who purchase systems and components thereof and operate such systems and components in accordance with NRT's instructions directly infringe one or more claims of the '792 Patent in violation of 35 U.S.C. § 271(b).

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)     8

27. NRT is also liable for indirect infringement of the '792 Patent, either literally or through equivalents, because they contribute to the direct infringement of the patent by others, including NRT customers who purchase the accused devices, through supplying infringing systems and components, that infringe one or more claims of the '792 Patent in violation of 35 U.S.C. § 271(c). Defendants have and continue to contribute to the direct infringement of others, such as customers who purchase Defendants' terminals practicing methods for providing money, goods, services, or the like to an account-holder, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '792 Patent and not a staple article or commodity of commerce suitable for a substantial non-infringing use. An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' terminals practicing methods for providing money, goods, services, or the like to an account-holder and the technology associated therewith.

28. On information and belief, each of the Defendants has had notice of the Patent from at least the time of filing this lawsuit. Additionally, through at least this Complaint, Defendants have been provided with written notice of GCA's allegations that Defendants have infringed and continue to directly and indirectly infringe the '792 Patent and written identifications of exemplar products that infringe one or more claims of the '792 Patent (e.g., terminals practicing methods for providing money, goods, services, or the like to an account-holder) and written notice of an exemplar material part of these devices (e.g., Defendants' terminals practicing methods for providing money, goods, services, or the like to an account-holder and the technology associated therewith) that are especially made or especially adapted for use in infringing the '792 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, NRT has further had actual or constructive knowledge of the '792 Patent since at least as early as November 2014,

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)    9

1  when NRT began falsely representing to GCA's current and potential customers that the '792
2  Patent is invalid and that it will expire in 2015 and/or 2016.

3      29.    On information and belief, despite having knowledge of the '792 Patent,
4  Defendants have intended and continue to specifically intend for persons who acquire and use
5  such devices, including Defendants' customers, to use such devices in a manner that infringes
6  the '792 Patent, including at least claim 1. Defendants knew or should have known that their
7  actions – including instructing customers and end users regarding use of the accused devices –
8  have induced and continue to actively induce infringement.

9      30.    On information and belief, Defendants have known and know that Defendants'
10  terminals practicing methods for providing money, goods, services, or the like to an account-
11  holder and the technology associated therewith constituted material parts of the inventions of the
12  '792 Patent, are especially made and/or adapted for use in infringing the '792 Patent, and are not
13  staple articles or commodities of commerce suitable for substantial non-infringing use.

14      31.    On information and belief, despite having knowledge of the '792 Patent and
15  knowledge that they are directly and/or indirectly infringing one or more claims of the '792
16  Patent, Defendants have nevertheless continued their infringing conduct and disregarded an
17  objectively high likelihood of infringement; thus, Defendants' infringing activities relative to
18  the '792 Patent have been, and continue to be, willful, wanton and deliberate in disregard of
19  GCA's rights, entitling GCA to increased damages under 35 U.S.C. § 284 and to attorneys' fees
20  and costs under 35 U.S.C. § 285.

21      32.    Each Defendant's infringement of the '792 Patent is causing, and will continue to
22  cause, irreparable harm to GCA for which there is no adequate remedy at law unless enjoined by
23  the Court.

24      33.    GCA has further been damaged as a result of NRT's infringing conduct
25  described herein. NRT is liable to GCA in an amount that adequately compensates it for their
26  infringements, which, by law, cannot be less than a reasonable royalty, together with interest
27  and costs as fixed by this Court under 35 U.S.C. § 284.

28

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)    10

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

34. GCA refers to and incorporates the allegations of Paragraphs 1-33 above.

35. Defendants' false or misleading descriptions of fact and/or false or misleading representations of fact in connection with the marketing, advertising, promotion, distribution, offering for sale and selling of its goods and services constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Further, as detailed herein, Defendants have made numerous misrepresentations of fact in NRT's advertising and promotion of their products and services. These misrepresentations of fact pertain to and include, but are not limited to, the nature, characteristics and qualities of NRT's products and services, as well as the nature, characteristics and qualities of the products and services offered by GCA.

37. GCA is informed and believes and thereon alleges that Defendants' misrepresentations of fact have deceived, and will continue to deceive, consumers about matters material to their decision to purchase cash access services and products. Alternatively, Defendants' misrepresentations of fact have a tendency to deceive a significant portion of the consuming public about matters that are material to their decisions in purchasing cash access services and products.

38. Defendants advertise and promote their products and services nationwide, and on information and belief, have made and caused their misrepresentations of fact to be disseminated nationwide. Defendants have therefore caused their misrepresentations of fact to enter interstate commerce.

39. As a direct and proximate result of Defendants' actions, Defendants have damaged, and will continue to cause damage to GCA through the diversion of sales, lost profits and damage to GCA's goodwill and the goodwill associated with GCA's products and services. Moreover, Defendants' actions have caused, and will continue to cause, irreparable harm to GCA and to the public who is deceived as to the nature, characteristics and qualities of the

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

1  products and services offered by GCA and NRT, unless restrained and enjoined by this Court. GCA has no adequate remedy at law to prevent Defendants from continuing their unfair actions and from injuring GCA.

40. As a further direct and proximate result of Defendants' actions, GCA has been, and will continue to be, damaged and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer confusion – such as corrective advertising and promotion – in an amount to be proven at the time of trial. GCA is also entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at trial. GCA is further entitled to injunctive relief, and to all other and further forms of relief this Court deems appropriate.

41. The damages sustained by GCA as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

42. GCA refers to and incorporates the allegations of Paragraphs 1-41 above.

43. There exists and existed at all times relevant herein, actual and prospective economic relationships between GCA and its customers and contacts in the industry, evidenced in part by prospective or actual contractual agreements between GCA and its customers and contacts. Said economic relationships contain an economic benefit as well as future economic benefits to GCA.

44. GCA is informed and believes and thereon alleges, that Defendants knew and know of the economic relationships described herein and future economic relationships that existed, exist and will exist between GCA and its customers and contacts. GCA is further informed and believes and thereon alleges that Defendants knowingly, fraudulently, intentionally and tortiously interfered with GCA's economic relationships with its customers and contacts by, as set forth herein, engaging in unfair and deceptive sales practices to gain an unfair advantage and to persuade GCA customers and contacts in the industry to do business

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)   12

1  with NRT and to divert sales and service opportunities away from GCA. Defendants' actions
2  fall outside the privilege of fair competition. Defendants have no legal right, privilege or
3  justification for their conduct.

4  45. By engaging in the acts and conduct set forth herein, GCA is informed and
5  believes and thereon alleges that Defendants did disrupt existing and prospective business
6  relationships between GCA and its customers and contacts in the gaming and cash access
7  services industry. As a legal and proximate result of Defendants' wrongful actions, GCA has
8  been damaged in an amount to be established according to proof at trial.

9  46. GCA is informed and believes and thereon alleges that Defendants' wrongful
10 conduct will continue to cause injury to GCA, including irreparable harm, unless enjoined and
11 restrained by this Court.

12 47. GCA is informed and believes and thereon alleges that Defendants' actions are
13 willful, oppressive, fraudulent, despicable, made with an improper motive amounting to malice
14 and in conscious disregard of the rights of GCA and the resulting harm to GCA. As a result,
15 Defendants should be assessed punitive and exemplary damages in an amount to punish and
16 deter such conduct in the future, and GCA is further entitled to recover reasonable attorneys'
17 fees and costs incurred in connection with this action.

## FOURTH CLAIM FOR RELIEF

### (Deceptive Trade Practices Under N.R.S. § 598.0915)

20 48. GCA refers to and incorporates the allegations of Paragraphs 1-47 above.

21 49. On information and belief, Defendants made false and misleading statements of
22 fact concerning GCA, GCA's intellectual property rights, and GCA's cash access services and
23 products, as detailed above.

24 50. Defendants' willfully false statements constitute a deceptive trade practice
25 pursuant to Nevada law, including N.R.S. 598.0915(8), as they are false or misleading
26 statements of fact that disparage GCA's goods or business. Defendants' willfully false
27 statements also constitute a deceptive trade practice pursuant to Nevada law, including NRS

28

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)    13

1  598.0915(5), as they are false representations as to the characteristics of goods or services for
2  sale. These false or misleading statements are intentionally designed to deceive and have
3  deceived customers and prospective customers, and are likely to divert and have diverted
4  customers away from GCA.

5    51.  As a result of Defendants' conduct, Defendants have caused and continue to
6  cause harm, including irreparable harm, to GCA and its business, reputation and goodwill,
7  resulting in damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under Nevada Law)

10    52.  GCA refers to and incorporates the allegations of Paragraphs 1-51 above.

11    53.  Defendants sell cash access services and products similar to those services and
12  products sold by GCA. As such, Defendants compete with GCA for prospective customers.

13    54.  Defendants made false and misleading statements of material fact concerning
14  GCA, GCA's intellectual property rights, and GCA's cash access services and products, as
15  detailed above.

16    55.  Defendants' willful false representations constitute unfair competition pursuant
17  to Nevada law, including N.R.S. 598, as the statements are false or misleading descriptions or
18  representations of fact which in commercial advertising or promotion misrepresent the nature,
19  characteristics or quality of GCA's cash access services or products, or of those of NRT.

20    56.  As a result of Defendants' conduct, Defendants have caused and continue to
21  cause harm, including irreparable harm, to GCA and its reputation, resulting in damages.

### JURY DEMAND

23    57.  GCA demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil
24  Procedure on all issues so triable.

### PRAYER FOR RELIEF

26  Plaintiff Global Cash Access, Inc. respectfully requests this Court to enter judgment in
27  its favor against each Defendant and grant the following relief:

28

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)

14

1      A.    An adjudication that each Defendant has infringed and continues to infringe
2  claims of the '792 Patent;
3      B.    An adjudication that Defendants have engaged in unfair competition with GCA,
4  and deceptive trade practices, in violation of 15 U.S.C. § 1125 and Nevada law including N.R.S.
5  § 598;
6      C.    An adjudication that Defendants have committed intentional interference with
7  prospective economic advantage pursuant to Nevada law;
8      D.    An award of damages to GCA adequate to compensate for Defendants' acts of
9  infringement together with prejudgment and post judgment interest;
10     E.    An award of compensatory, consequential, statutory, exemplary and punitive
11 damages to GCA in an amount to be determined at trial for Defendants' acts of unfair
12 competition, deceptive trade practices, false advertising and intentional interference with
13 prospective economic advantage, together with prejudgment and post judgment interest as
14 permitted by law;
15     F.    An award of enhanced damages to GCA, up to and including trebling of GCA's
16 damages as permitted under 35 U.S.C. § 284, or as otherwise permitted by law;
17     G.    A permanent injunction enjoining each Defendant from (1) further acts of
18 infringement; and (2) from competing unfairly with GCA or engaging in deceptive trade
19 practices in any manner, including but not limited to enjoining and restraining Defendants from
20 directly or indirectly making any false or misleading representations of fact, whether written or
21 oral, with respect to GCA's goods, services, business, intellectual property rights or reputation;
22     H.    An award of GCA's costs of suit and reasonable attorneys' fees as permitted
23 under 35 U.S.C. § 285 and/or N.R.S. Chapter 598, or as otherwise permitted by law;
24     I.    An award of damages for Defendants' acts of unfair competition and that these
25 damages be trebled under 15 U.S.C. § 1117 because Defendants' conduct is willful, and that
26 GCA be awarded its reasonable attorneys' fees and costs;
27 / / /
28

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)   15

1   J. That GCA is entitled to disgorge Defendants' profits under Section 43(a) of the Lanham Act, and as otherwise permitted by law;

2   K. For any further relief that this Court deems just and proper.

DATED this 1st day of May, 2015.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ F. Christopher Austin*
F. Christopher Austin
Ryan Gile
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128

Callie A. Bjurstrom
Steven A. Moore
Nicole S. Cunningham
Pillsbury Winthrop Shaw Pittman LLP
501 West Broadway, Suite 1100
San Diego, CA 92101
(619) 234-5000
Fax (619) 236-1995

*Admitted Pro Hac Vice (Applications pending)*

Attorneys for Plaintiff Global Cash Access, Inc.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0236[fca](ncFinal)   16