UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GLOBAL CASH ACCESS, INC.,

Plaintiff,

v.

NRT TECHNOLOGY CORP., *et al.*,

Defendants.

Case No. 2:15-cv-00822-MMD-GWF

ORDER

## I.  SUMMARY

This is a patent case. Pending before the Court is Defendants NRT Technology Corp. and NRT Technologies, Inc.'s (collectively, "NRT") Motion for Attorneys' Fees (ECF No. 73). With respect to this motion, the Court has also reviewed Plaintiff Global Cash Access, Inc.'s ("GCA") response (ECF No. 75), and NRT's reply (ECF No. 79).[1] Also pending before the Court is GCA's Motion to Strike (ECF No. 86).[2] With respect to that motion, the Court has also reviewed NRT's response (ECF No. 91). For the reasons discussed below, the motions are denied.[3]

---

[1] The parties also filed various motions to seal, which were granted. (*See* ECF Nos. 76, 82; ECF Nos. 78, 85 (granting motions to seal).) The Court also reviewed the unredacted versions of these documents regarding NRT's fees motion filed in connection with the motions to seal (ECF Nos. 77, 81).

[2] GCA moved to seal its motion to strike. (*See* ECF No. 87.) That motion was granted. (*See* ECF No. 89.) The Court also reviewed the unredacted version of the motion to strike. (ECF No. 88.)

[3] The Court also reviewed the various errata, addenda and responses to those errata and addenda filed by the parties. (ECF Nos. 74, 90-101.) In addition, the Court notes that both parties requested oral argument regarding NRT's fees motion. The Court

## II. BACKGROUND

NRT, the accused infringer in this case, moves to recover its attorneys' fees after prevailing in its litigation campaign against GCA regarding U.S. Patent No. 6,081,792 ("'792 Patent"). The parties waged battle on multiple fronts. In this Court, GCA sued NRT for infringing the '792 patent on May 1, 2015. (ECF No. 10.) GCA also asserted claims for unfair competition, intentional interference with prospective economic advantage, and deceptive trade practices. (*See id.* at 11-14.) NRT moved to dismiss these claims on June 22, 2015. (ECF No. 25.) The Court granted NRT's motion to dismiss on March 26, 2016, with respect to GCA's patent infringement claim, but denied it with respect to GCA's other claims. (ECF No. 50.) The Court found the '792 Patent invalid as patent-ineligible under 35 U.S.C. § 101—because it was directed to an abstract idea and lacked an inventive concept—in line with *Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*, 134 S. Ct. 2347, 2355 (2014). (*See id.* at 5.) The parties then stipulated to the dismissal of GCA's remaining claims with prejudice on October 24, 2016 (ECF No. 67), and the Court granted the stipulation the following day (ECF No. 68).

GCA and NRT also skirmished before the Patent Trial and Appeals Board at the United States Patent Office ("PTAB") and the International Trade Commission ("ITC"). GCA filed a complaint against NRT at the ITC on May 4, 2015. (*See* ECF No. 77-1 (sealed).) That clash resolved in NRT's favor, beginning on December 22, 2015, when the ITC Administrative Law Judge ("ALJ") found claims 1 and 9 of the '792 patent invalid for indefiniteness. (*See* ECF No. 73-4 at 16-17.) The ITC investigation definitively resolved in NRT's favor when GCA's unopposed motion to terminate it was granted on June 2, 2016, following the affirmance of the ITC ALJ's summary determination of the '792 patent's invalidity. (*See* ECF No. 75 at 10.) Meanwhile, NRT launched two unsuccessful Covered Business Method ("CBM") reviews challenging the validity of the

---

denies the parties' requests for oral argument because it finds oral argument unnecessary to resolve the pending motions. *See* LR 78-1.

2

'792 patent at the PTAB—on July 23, 2015, and May 18, 2016. (*See, e.g.*, *id.* at 2-3, 5.) The PTAB declined to institute these two CBM reviews, meaning the PTAB twice denied NRT the chance to challenge the '792 patent before the PTAB because it found NRT had not shown it was more likely than not that the '792 patent was unpatentable.[4] Thus, NRT lost the PTAB skirmish, but won the ITC clash and the battle in this Court.

Meanwhile, the parties also brought the fight to each other directly. For example, NRT wrote GCA a letter on July 20, 2015, advising that NRT viewed the '792 patent unpatentable under *Alice* and intended to seek "exceptional case" fees under 35 U.S.C. § 285 if GCA persisted in this litigation. (*See* ECF No. 73-3.) NRT then wrote GCA a second letter with similar contents on April 15, 2016. (*See* ECF No. 73-8.) For its part, GCA alleges that NRT employees made false statements about GCA's products, which NRT disputes. (*See, e.g.*, ECF Nos. 77 at 11-15 (sealed), 81 at 4-9 (sealed).) Further, the parties both assert that the other party was responsible for delays in this litigation, and discuss various settlement negotiations, casting blame on the other to the extent the negotiations were not fruitful. (*See, e.g.*, ECF Nos. 77 at 11 (sealed), 81 at 4, 10 (sealed).)

### III. NRT'S MOTION FOR FEES (ECF NO. 73)

#### A. LEGAL STANDARD GOVERNING AWARD OF FEES

NRT claims entitlement to its reasonable attorneys' fees as the prevailing party under 35 U.S.C. § 285.[5] Section 285 of the Patent Act allows for courts to award reasonable fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 1756 (2014), the Supreme Court rejected the Federal Circuit's construction of

---

[4]The Court noted its disagreement with the PTAB regarding NRT's first CBM challenge (*see* ECF No. 50 at 12 n.6), but has not previously addressed the second CBM challenge, which it takes no position on.

[5]NRT also cited Fed. R. Civ. P. 54(d)(2)(A), the Court's inherent authority, and LR 54-14 in support of its fees motion. (*See* ECF No. 73 at 2, 4-5.)

3

"exceptional cases" as overly rigid and too demanding. Instead, the Court held that "an 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. *Octane Fitness* further urges "[d]istrict courts [to] determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In addition, the *Octane* Court rejected the Federal Circuit's application of the heightened burden of proof of entitlement to fees by clear and convincing evidence. *See id.* at 1758. The Court found that "Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden." *Id.* The Court then noted that a preponderance of the evidence standard has always applied to patent-litigation. *See id.* Accordingly, "[a] party must prove its entitlement to fees by a preponderance of the evidence." *Shipping & Transit, LLC v. Hall Enterprises, Inc.*, No. 16-cv-06535-AG-AFM, 2017 WL 3485782, at *2 (C.D. Cal. July 5, 2017) (citing *Octane*, 134 S. Ct. at 1758). Thus, the Court must determine whether this was an "exceptional case," considering the totality of the circumstances under a preponderance of the evidence standard, to determine whether NRT has satisfied its burden of showing it is entitled to recover its attorneys' fees and non-taxable costs.

**B.     DISCUSSION**

The Court declines to award NRT the fees and non-taxable costs it seeks here because it is not persuaded that this was an exceptional case.[6] Simply put, the Court finds this case lacks something beyond NRT's § 101 victory required to find a case exceptional—such as egregious trolling behavior on GCA's part, litigation misconduct by GCA, evidence of GCA's bad faith in litigating this case, or evidence that GCA clung to objectively baseless positions longer than any reasonable party should have. While the Court was persuaded by NRT's § 101 arguments, NRT now seeks to make mountains

---

[6]The parties do not dispute that NRT is the prevailing party.

4

out of molehills in its fees motion to recover the costs it expended on this litigation campaign. But the Court is not persuaded this was an exceptional case.

The Court is also not persuaded by the specific arguments NRT raised in its fees motion. NRT's primary argument is that NRT is entitled to fees here because GCA's case was objectively baseless from the very beginning—GCA should have known the '792 patent was unpatentable under *Alice*. (*See* ECF No. 73 at 2.) GCA responds that its case was not objectively baseless because patents come with a presumption of validity, caselaw interpreting *Alice* was evolving at the time GCA filed its complaint such that it was not a foregone conclusion that the '792 patent was invalid, GCA never conceded that the '792 patent was invalid, but rather vigorously litigated it, and the fact that the PTAB declined to institute the two CBMs filed by NRT tends to show it was not objective, established fact that the '792 patent was invalid at the time GCA filed suit. (*See* ECF No. 77 at 18-20.) The Court tends to agree with GCA in the context of this case. Winning a § 101 argument on a motion to dismiss does not automatically entitle the prevailing party to its fees without more; other district courts have invalidated a patent under § 101 on a motion to dismiss, but then declined to award fees. *See, e.g.*, *Jedi Techs., Inc. v. Spark Networks, Inc.*, No. 1:16-cv-1055-GMS, 2017 WL 3315279, at *11 (D. Del. Aug. 3, 2017) (declining to award fees after invalidating four patents under § 101 in ruling on a motion to dismiss); *EMG Tech., LLC v. Etsy, Inc.*, No. 6:16-cv-00484-RWS, 2017 WL 1513110, at *3 (E.D. Tex. Apr. 26, 2017) (same, but involving two patents); *O2 Media, LLC v. Narrative Sci. Inc.*, No. 15-cv-05129, 2017 WL 25175, at *1 (N.D. Ill. Jan. 3, 2017) (same, but involving three patents). And as noted above, while the Court disagrees with the PTAB with respect to the validity of the '792 patent, the fact that another tribunal specialized in patent law declined to institute a proceeding that could have found the '792 patent invalid does tend to show that GCA's position was not objectively baseless. (*See* ECF No. 77 at 20 (sealed).)

NRT also argues that GCA should have dropped its case because NRT twice informed GCA in writing that the '792 patent was unpatentable under *Alice*, and thus that GCA was on notice its claims were baseless and NRT would seek fees. (*See, e.g.*, ECF No. 73 at 8-9.) GCA responds that it had a reasonable, good faith basis for alleging that NRT infringed its patent, as evidenced by the infringement contentions and claim charts GCA filed in the ITC investigation. (*See* ECF No. 77 at 21.) GCA further quotes *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 4910875, at *3 (E.D. Tex. Aug. 17, 2015), with respect to this argument for the proposition that "'for a case dismissed before trial to be designated exceptional, evidence of the frivolity of the claims must be reasonably clear without requiring a mini-trial on the merits for attorneys' fees purposes.'" (*See* ECF No. 77 at 21.) The Court agrees with GCA. Just because the Court ultimately agreed with the § 101 arguments NRT made to GCA in its warning letters, it is not the law that a patentee must automatically drop a suit every time an accused infringer challenges the validity of its patent in a letter. *See Auto-Kaps, LLC v. Clorox Co.*, No. 15-cv-1737-BMC, 2017 WL 6210846, at *2 (E.D.N.Y. Mar. 27, 2017), *aff'd*, 715 F. App'x 1025 (Fed. Cir. 2018) ("Claims of baselessness are held to a "high bar," and Clorox's argument that it sent Auto–Kaps a pre–litigation letter that mirrors this Court's summary judgment holding fails to even approach that bar.") (internal citation omitted). Further, as it is within the Court's discretion whether to award fees under 35 U.S.C. § 285, the Court declines to hold a 'mini-trial' here. The Court merely finds that, given the totality of the circumstances, NRT is not entitled to recover its fees. *See, e.g.*, *Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1322 (Fed. Cir. 2017) (affirming district courts' decision declining to award fees and noting that "[d]istrict courts have discretion to make exceptional case determinations on a case-by-case basis, considering the totality of the circumstances.").

NRT also argues that GCA should have dropped its case when GCA lost its claim construction arguments at the ITC. (*See* ECF No. 73 at 9-10.) GCA responds that this

cannot be the basis for an exceptional case finding because GCA supported its claim construction positions at the ITC with substantial intrinsic and extrinsic evidence, and losing a reasonably held claim construction position cannot be considered sanctionable. (*See* ECF No. 77 at 22 (sealed).) NRT seems to argue that the ITC investigation came first, and then this litigation. Thus, NRT seems to argue, the proceeding in this Court was frivolous because GCA had already lost and sought to frivolously re-litigate the same issues in this case. But the timeline of relevant events tends to show that the ITC investigation and this case proceeded on mostly parallel tracks. This Court issued the order invalidating the '792 patent on March 25, 2016, and the ITC's decision on the invalidity of the '792 patent did not become final until June 2, 2016. (*See* ECF Nos. 50, 75 at 10.) Further, GCA lost at the ITC for a different reason than the reason it lost in this Court. It is not as if GCA lost on an argument in one court, and then brought that same argument here, where it also lost. The Court is also not persuaded by NRT's argument on this point.

Finally, the Court is not persuaded by the caselaw NRT cites in support of its fees motion. NRT cites *Home Gambling Network Inc., v. Piche*, No. 2:05-cv-610-DAE, 2014 WL 2170600 (D. Nev. May 22, 2014), as an example of a case where the court awarded fees where a plaintiff should have known its case would not succeed. (*See* ECF No. 73 at 6-7.) But there, the Court had made an affirmative finding of patent misuse on the non-prevailing plaintiff's part, which the Court noted was "highly probative" of plaintiffs' bad faith in that case. *See Home Gambling Network*, 2014 WL 2170600, at *9. This Court has not made an analogous finding of patent misuse evidencing GCA's bad faith here. Further, unlike here, the patent at issue in *Home Gambling Network* was not invalidated on § 101 grounds; it turned on prosecution history disclaimer (related to the patent misuse finding) and because the alleged infringer did not practice the method patent at issue in that case entirely within the United States. *See id*. at *5-*6. NRT also cites *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329 (S.D.N.Y.

1  2014) as an example of a case where a court awarded fees because the plaintiff's
2  lawsuit was objectively unreasonable. (*See* ECF No. 73 at 7.) But unlike here, the
3  plaintiff in *Lumen View Technology* was a non-practicing entity who filed at least twenty
4  substantially similar lawsuits in a two-year period, it was undisputed that plaintiff accused
5  defendant's website of infringing a claim that did not cover the applicable functionality of
6  that website, and plaintiff had made a series of unjustified and unreasonable settlement
7  offers (along with a threat to bring criminal charges against defendant's executives
8  because someone used the term 'patent troll'). *See Lumen View*, 24 F. Supp. 3d at 332-
9  5. Plaintiff's behavior in *Lumen View* is simply unlike GCA's behavior here. NRT further
10 cites *Classen Immunotherapies, Inc. v. Biogen Idec*, No. 04-cv-2607-WDQ, 2014 WL
11 2069653 (D. Md. May 14, 2014), to argue that the Court should award fees here to deter
12 plaintiffs such as GCA from pursuing baseless claims. However, for the reasons
13 explained above, the Court does not find that GCA's claims were objectively baseless,
14 as the Court did in *Classen*, and therefore does not agree with NRT that a fee award is
15 necessary here to deter GCA from filing future baseless claims.

### IV.  GCA'S MOTION TO STRIKE (ECF NO. 86)

GCA seeks to strike NRT's reply to its attorneys' fees motion because GCA argues NRT introduced new arguments and evidence in that reply. (*See generally* ECF No. 86.) GCA specifically objects to certain deposition transcript citations. (*See id.* at 5.) "However, in a reply, a party may use evidence to rebut evidence presented in an opposition to a motion for summary judgment." *Evans v. Encore Event Techs., Inc.*, No. 2:15-cv-1120-GMN-CWH, 2017 WL 986357, at *1 n.1 (D. Nev. Mar. 14, 2017) (citation omitted) (denying motion to strike exhibit to reply brief because it did not bring up new arguments, but rather supported the moving party's original argument and rebutted the evidence presented in the other party's response brief). The Court agrees with NRT that these citations to deposition transcripts were merely responding to arguments that GCA raised in its response. (*See* ECF No. 91 at 3-4.) Further, to the extent that GCA argues

that NRT's citation to (and provision of a copy of) a slip opinion on a fees motion from Judge Wilken of the Northern District of California constitutes new argument, the Court also disagrees. The slip opinion is offered to support the same argument NRT made in its fees motion: that NRT is entitled to fees because this was an exceptional case—and draws on caselaw to support that argument. Finally, the Court understands the timeline of relevant events here, and is therefore not persuaded that NRT's "two bites at the apple" argument necessitates a surreply. (*See* ECF No. 86 at 5.) The Court declines to strike NRT's reply.

In the alternative, GCA requests leave to file a surreply. (*See id.*) GCA's alternative request is also denied. The Court disagrees with GCA that NRT raised new arguments in its reply, and therefore does not find that GCA needs to further respond to NRT's arguments. The Court also notes that a surreply would not be useful to the Court here and seeks to discourage interminable briefing. Accordingly, GCA's request for leave to file a surreply is denied.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion here as they do not affect the outcome of these motions.

It is therefore ordered that NRT's motion for attorneys' fees (ECF No. 73) is denied.

It is further ordered that GCA's motion to strike (ECF No. 86) is denied.

DATED THIS 24th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9